IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATNAEL T. DAGNE, | : | Civil No. 3:23-cv-1531 |
| Petitioner | : | |
| | : | (Judge Mariani) |
| v. | : | |
| WARDEN CRAIG LOWE, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Natnael Dagne ("Dagne") is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). He is currently being detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. Dagne commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He seeks an individualized bond hearing. (*Id.* at p. 7). For the reasons set forth below, the Court will deny habeas relief.

**I.    Factual Background**

Dagne is a citizen and native of Ethiopia. (*See* Doc. 9-1, p. 5). He was admitted to the United States as an asylee under Section 208(c) of the Immigration and Nationality Act ("INA") on September 28, 2002, at Newark, New Jersey. (*Id.* at p. 7). Dagne became a lawful permanent resident of the United States on March 26, 2007. (*Id.*).

On October 8, 2021, Dagne pled guilty to conspiracy to distribute fentanyl and eutylone in violation of 21 U.S.C. § 846, in the United States District Court for the Eastern

District of Virginia, Alexandria Division. (*Id.* at pp. 15-25). The plea agreement included a section wherein Dagne acknowledged he was aware of potential immigration consequences related to his plea agreement. (*Id.* at p. 22). On February 25, 2022, Dagne was sentenced to thirty-three months of imprisonment and three years of supervised release. (*Id.* at pp. 9-14).

Dagne was taken into ICE custody on October 21, 2022. (*Id.* at pp. 46-51). He was charged as removable under INA Section 237(a)(2)(B)(i), for being convicted of a drug offense; Section 237(a)(2)(A)(iii), for being convicted of an aggravated felony as defined by Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance; and Section 237(a)(2)(A)(iii), for being convicted of an aggravated felony as defined by Section 101(a)(43)(U) of the Act, relating to an attempt or conspiracy to commit an offense described in Section 101(a)(43) of the Act. (*Id.* at p. 51). Dagne challenged his removal, but his claim was denied by an immigration judge on April 5, 2023, and he was ordered removed to Ethiopia. (*Id.* at pp. 160-163). Dagne appealed this decision to the Board of Immigration Appeals ("BIA"). (*Id.* at p. 163). On August 11, 2023, the BIA affirmed the decision of the immigration judge. (*Id.* at pp. 187-190). Dagne did not file a petition for review with the United States Court of Appeals for the Third Circuit.

Dagne is being detained pursuant to 8 U.S.C. § 1231(a) and has been detained by ICE for approximately sixty-seven days. In the habeas petition, Dagne argues that his mandatory detention has become unreasonable and thus unconstitutional.

## II. Legal Standard

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Because Dagne filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

## III. Discussion

Dagne contends that his continued immigration detention violates due process. (Doc. 1). The Court must first examine the statutory basis for Dagne's detention. Although Dagne challenges his detention under 8 U.S.C. § 1226(c), once a final order of removal is issued, an alien is instead subject to mandatory detention under 8 U.S.C. § 1231(a). Under § 1231(a), the Government is required to detain an alien subject to a final order of removal for ninety days after the issuance of the final removal order. *See* 8 U.S.C. § 1231(a)(1)(A), (a)(2); *see also* 8 U.S.C. § 1231(a)(1)(B). Detention during this ninety-day removal period is mandatory. *See Zadvydas*, 533 U.S. at 683. Thus, once an alien is subject to a final order of removal, his detention is governed by § 1231 unless he seeks review of his removal order by filing a petition for review with the Court of Appeals and is granted a stay of removal. *See* 8 U.S.C. § 1231 (a)(1)(B)(ii). Here, Dagne received an administrative final order of

3

removal on August 11, 2023 when the Board dismissed his appeal, and Dagne entered his ninety-day removal period on that date as he has not filed a petition for review nor sought a stay from the Third Circuit Court of Appeals. *See* 8 U.S.C. § 1231(a)(1)(A), (B); 8 U.S.C. § 1252(b)(1); 8 C.F.R. § 1241.1(a); 8 C.F.R. § 1241.1(c).

Because Dagne is subject to a final order of removal and has not sought review or a stay from the Court of Appeals, his detention is controlled by the Supreme Court's decision in *Zadvydas*. The Court in *Zadvydas* observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during the statutory ninety-day removal period. *Zadvydas*, 533 U.S. at 683. Further, the *Zadvydas* Court held that the statute permits the Government to detain aliens beyond that ninety-day period if their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. The Court therefore held that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of due process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231 for less than six months following a final order of removal, his challenge must be denied. *Id.*

Dagne received a final order of removal on August 11, 2023, and entered his ninety-day removal period at that time. Thus far, Dagne has been detained for sixty-seven days out of the ninety-days in his removal period. As the ninety-day removal period has not yet expired, Dagne is well within the six-month presumptively reasonable period established by

4

*Zadvydas*. As such, this Court is required to presume that Dagne's current detention is reasonable, and his habeas petition must be denied. *See Hendricks v. Reno*, 221 F. App'x 131 (3d Cir. 2007) (affirming denial of habeas petition where court found delay from date of administratively final deportation order was less than ninety days).

## IV. Conclusion

The Court will deny Dagne's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to his right to file a new petition in the appropriate court should his detention become unreasonable.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 18, 2023